CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 09 2010

JOHN F. CORCORAN, CLERK
BY: /s/ J. Haff
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY RAY HALL,<br>　　Plaintiff, | Civil Action No. 7:10-cv-00196 |
| v. | MEMORANDUM OPINION |
| LT. MS. PERRY,<br>　　Defendant. | By: Hon. James C. Turk<br>Senior United States District Judge |

Jerry Ray Hall, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names correctional Lieutenant Perry as the sole defendant. Plaintiff alleges that the defendant reported plaintiff as suicidal. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice as frivolous.

I.

Plaintiff alleges the following facts in his complaint. The defendant read several of plaintiff's poems and deemed plaintiff a suicide risk. Defendant told plaintiff to report to the mental health provider or face placement in segregation. Plaintiff chose to see the mental health provider. Plaintiff argues that he is not suicidal and requests $75,000.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless."

Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). Plaintiff's instant complaint about a correctional officer ordering a prisoner to a mental health evaluation presents a claim of an infringement of a legal interest which clearly does not exist. Therefore, the court dismisses the complaint without prejudice as frivolous.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 9th day of June, 2010.

/s/ James C. Turk
Senior United States District Judge